IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

CHESTER THOMAS
ADC No. 102712                                                                                            PETITIONER

V.                               Case No. 5:09CV00100 JLH/JTR

LARRY NORRIS, Director,
Arkansas Department of Correction                                                          RESPONDENT

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new,

different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## I. Background

Pending before the Court is a § 2254 Petition for a Writ of Habeas Corpus filed

by Petitioner, Chester Thomas. (Docket entry #1). Respondent has filed a Response.[1] (Docket entry #5). Thus, the issues are joined and ready for disposition.

Before addressing the merits of Petitioner's habeas claims, the Court will review the pertinent procedural history of this case. On December 13, 2004, Petitioner was charged in Monroe County Circuit Court with possessing marijuana and crack-cocaine, with the intent to deliver, and possessing a defaced firearm. (Docket entry #1). On December 15, 2004, his co-defendant, Brandon Jones, wrote a sworn statement in which he took full responsibility for the crimes and stated that Petitioner "had no idea of what was going on or that I had drugs or guns in the car." (Docket entry #5-4).

On August 2, 2005, Petitioner entered into a negotiated guilty plea. (Docket entry #5-5). He was sentenced to ten years' probation, a $500 fine, and court costs and fees. (Docket entry #5-5). Within a few months, Petitioner was charged with new criminal conduct in Monroe County. The trial court held a revocation hearing and, on April 11, 2006, it entered a Judgment and Commitment Order revoking Petitioner's probation and sentencing him to fifteen years in prison. (Docket entry #5-8).

---

[1] On December 9, 2010, the Court entered an Order directing Petitioner to file a Reply addressing the arguments raised by Respondent in his Response. (Docket entry #6). On December 20, 2010, the Order was returned to the Court as "undeliverable."(Docket entry #8). To date, Petitioner still has not provided the Court with a forwarding address as required by Local Rule. 5.5(c).

On July 6, 2006, Petitioner filed a Rule 37 Petition in the Circuit Court of Monroe County challenging his probation revocation. (Docket entry #5-9). He argued that his probation should not have been revoked because there was no evidence of any new criminal charges having been filed against him. (Docket entry #2). The Monroe County Circuit Court denied the Rule 37 Petition and Petitioner did *not* appeal. (Docket entry #5-10).

In this § 2254 action, which was filed on April 1, 2009, Petitioner raises three claims of ineffective assistance of counsel: (1) his attorney should have disclosed to the trial judge the sworn statement of his co-defendant "taking full responsibility for the crime;" (2) his attorney was prejudiced against him; and (3) his attorney had a conflict of interest because he represented both Petitioner and his co-defendant. (Docket entry #1). Respondent argues that this habeas action must be dismissed because: (1) all of Petitioner's claims are barred by the applicable statute of limitations; and (2) he is in procedural default on all of his claims. (Docket entry #5).

For the reasons explained below, the Court concludes that all of Petitioner's habeas claims are time barred.[2] Thus, it is recommended that the Petition be denied, and the case dismissed, with prejudice.

---

[2] Accordingly, the Court need not address the issue of procedural default.

## II. Discussion

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), provides that a habeas petition must be filed within one year of the date on which the state "judgment became final by the conclusion of direct review."  28 U.S.C. § 2244(d)(1)(A).  Where certiorari from the United States Supreme Court is not sought, the running of the statute of limitations, for purposes of § 2244(d)(1)(A), "is triggered...by the conclusion of all direct criminal appeals in the state system followed by the expiration of time allotted for filing a petition for the writ [of certiorari]." *Smith v. Bowersox*, 159 F.3d 345, 348 (8th Cir. 1998), *cert. denied*, 525 U.S. 1187 (1999).

By electing to plead guilty, Petitioner waived his right to appeal. *See* Ark. R. Crim. P. – App. 1(a).  Thus, for purposes of the AEDPA, Petitioner's conviction was "final" on August 2, 2005, the date his criminal judgment was entered of record. *See Bradford v. State*, 351 Ark. 394, 400, 94 S.W.3d 904, 908 (2003).  From that date, Petitioner had one year, until August 2, 2006, to file this habeas action.

Petitioner initiated this action on April 1, 2009, over two years *after* the expiration of the one-year limitations period.  Accordingly, the federal habeas Petition was not timely filed under § 2244(d)(1).

Under AEDPA, the one-year limitations period is tolled if a "properly filed"

application for post-conviction relief is pending in state court. 28 U.S.C. § 2244(d)(2). The statutory tolling period begins when a petition for post-conviction relief is filed in the trial court and runs, in one continuous block of time, until the highest state appellate court enters a decision on appeal. *Carey v. Saffold*, 536 U.S. 214, 219-221 (2002).

On July 6, 2006, Petitioner filed a timely Rule 37 Petition in state court. The Petition was denied on October 30, 2006. Thus, Petitioner is entitled to 116 days of tolling between those dates, plus an additional 30 days that were available by statute for filing a notice of appeal from the denial of his Rule 37 Petition.[3] However, even with the benefit of 146 days of statutory tolling, Petitioner initiated this action approximately two years *after* the expiration of the statute of limitations.

Finally, because 28 U.S.C. § 2244(d) is a statute of limitation, rather than a jurisdictional bar, equitable tolling may also be applicable. *Moore v. United States*, 173 F.3d 1131, 1134 (8th Cir. 1999). Equitable tolling is proper "only when extraordinary circumstances beyond a prisoner's control make it impossible to file a

---

[3] Under AEDPA, a "properly filed" post conviction motion remains pending during the time in which a prisoner could have filed a timely notice of appeal from the denial of postconviction relief. *See Williams v. Bruton*, 299 F.3d 981, 983 (8th Cir. 2002); Ark. R.App. P.-Crim. 2(a)(4)(notice of appeal must be filed within thirty days from the entry of an order denying postconviction relief under Rule 37).

petition on time," or when "conduct of the defendant has lulled the plaintiff into inaction." *Kreutzer v. Bowersox*, 231 F.3d 460, 462 (8th Cir. 2000).

Petitioner argues that the statute of limitations should be tolled because he is innocent and therefore entitled to equitable tolling. (Docket entry #2). Petitioner's claim of "actual innocence" is based on his co-defendant's sworn statement that he was fully responsible for the crimes. (Docket entry #2). Petitioner argues that "actual innocence," which excuses some types of procedural default, should likewise excuse his failure to file his petition within the statutorily prescribed time period. (Docket entry # 2).

In *Flanders v. Graves*, 299 F.3d 974, 976-978 (8th Cir. 2002), the Court narrowly limited the circumstances in which a claimant may properly assert actual innocence as a ground for equitable tolling:

> We do not hold that actual innocence can never be relevant to a claim that the habeas statute of limitations should be equitably tolled. For such a claim to be viable, though, a petitioner would have to show some action or inaction on the part of the respondent that prevented him from discovering the relevant facts in a timely fashion, or at the very least, that a reasonably diligent petitioner could not have discovered these facts in time to file a petition within the period of limitations.

*Id.* at 978.

Petitioner admits that he knew about his co-defendant's sworn statement at the time Petitioner entered his guilty plea. Because he cannot show "some action or

inaction on the part of the respondent that prevented him from discovering the relevant facts" he is not entitled to equitable tolling based on his alleged actual innocence.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT the Petition for a Writ of Habeas Corpus, under 28 U.S.C. § 2254, be DENIED, and this case be DISMISSED, WITH PREJUDICE.

Dated this 17th day of February, 2011.

_____
UNITED STATES MAGISTRATE JUDGE